UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOYCE B.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 2:18-CV-01744-DWC<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err when he rejected medical opinion evidence from examining physician Dr. Anselm Parlatore, M.D. Hence, the ALJ did not err in his assessment of Plaintiff's mental impairments at Step Two. The ALJ also did not err in his evaluation of Plaintiff's subjective symptom testimony, and therefore, did not err when he did not include Plaintiff's testimony about her

migraine headaches in the residual functional capacity ("RFC") assessment. Because the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On December 30, 2014, Plaintiff filed an application for DIB, alleging disability as of September 1, 2014. *See* Dkt. 6, Administrative Record ("AR") 18. The application was denied upon initial administrative review and on reconsideration. *See* AR 18. ALJ Larry Kennedy held a hearing on November 16, 2017. AR 41-89. In a decision dated December 28, 2017, the ALJ determined Plaintiff to be not disabled. AR 15-40. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-9; 20 C.F.R. § 404.981.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly assess: (1) Dr. Parlatore's medical opinion, and thus, Plaintiff's mental impairments at Step Two; (2) Plaintiff's subjective symptom testimony; and (3) the RFC, in light of limitations purportedly stemming from Plaintiff's migraine headaches. *See* Dkt. 10.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ properly considered Dr. Parlatore's medical opinion.**

Plaintiff argues the ALJ erred in his consideration of medical opinion evidence from Dr. Parlatore, who conducted a psychiatric evaluation of Plaintiff. Dkt. 10, pp. 10-19. Plaintiff asserts that, as a result of the ALJ's the failure to properly assess Dr. Parlatore's opinion, the ALJ erred in his Step Two findings about Plaintiff's depression and post-traumatic stress disorder ("PTSD"). *Id.* at pp. 11-14, 17-19.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

On September 23, 2015, Dr. Parlatore conducted a psychiatric evaluation of Plaintiff. AR 456-60. Dr. Parlatore's evaluation included reviewing with Plaintiff her present illnesses; her social, family, and medical history; and her daily activities. AR 456-59. Dr. Parlatore also conducted a mental status examination. AR 459. Dr. Parlatore diagnosed Plaintiff with PTSD and sleep apnea. AR 459. In addition, he diagnosed Plaintiff with depressive disorder "due to

another medical disorder," citing Plaintiff's "fluctuating thyroid and parathyroid levels and chronic pain." AR 459.

In a medical source statement, Dr. Parlatore opined Plaintiff's "social interaction and adaptation are markedly affected by her chronic pain." AR 460. He found Plaintiff's "appropriateness, independence, sustainability, quality and effectiveness . . . markedly impaired." AR 460. Further, Dr. Parlatore determined Plaintiff "does not engage in social relations in an autonomous, self-directed basis without some direction." AR 460. Similarly, Plaintiff "does not engage in social relations throughout an average day or week without undo interruptions or distractions from her symptoms." AR 460.

Dr. Parlatore opined Plaintiff's "ability to perform simple and repetitive tasks is moderately affected, but she would have marked difficulty completing detailed and complex tasks." AR 460. Plaintiff "would have little difficulty accepting instructions," though she "would have marked difficulty interacting with coworkers and the public based on her history and her presentation." AR 460. Moreover, Dr. Parlatore determined Plaintiff "would have marked difficulty dealing with the usual stress encountered in a work environment." AR 460. In all, Dr. Parlatore opined Plaintiff "is markedly impaired in terms of her ability to tolerate increased mental demands associated with competitive work." AR 460.

The ALJ assigned "slight weight" to Dr. Parlatore's opinion. AR 32; *see also* AR 22-23. In part, the ALJ wrote, "Dr. Parlatore did not describe any deficits in the claimant's presentation or in any portion of the mental status examination." AR 32 (citing AR 459). The Court interprets the ALJ's statement as discounting Dr. Parlatore's opinion because his findings lack support from his examination. An ALJ may reject an opinion that is "inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.

2001)); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citation omitted).

Here, the ALJ discounted Dr. Parlatore's opinion because Dr. Parlatore did not describe any deficits in Plaintiff's presentation or in the mental status examination. AR 32 (citing AR 459). The Court's review of the record confirms the ALJ's finding that Dr. Parlatore did not describe any deficits from his examination of Plaintiff. Dr. Parlatore noted in the mental status examination, for instance, that Plaintiff was appropriately dressed and well-groomed. AR 459. Dr. Parlatore observed Plaintiff "was cogent, coherent, lucid and logical and appropriate and engaging and spontaneous." AR 459. Though Dr. Parlatore found Plaintiff's "mood was one of worry and concern," she was oriented and had full affect. AR 459. Further, Dr. Parlatore noted Plaintiff was intact on cognitive exam. AR 459.

Overall, other than Dr. Parlatore's observation about Plaintiff's mood, Dr. Parlatore did not describe any deficits in Plaintiff's presentation or the mental status exam. *See* AR 459. As substantial evidence in the record supports the ALJ's finding, this was a clear and convincing[1] reason to discount Dr. Parlatore's opinion.

Plaintiff argues that a mental status examination "is merely one piece of a larger process to accurately diagnose a patient's mental illnesses," and as such, the ALJ improperly substituted his opinion for that of Dr. Parlatore. Dkt. 10, p. 15. Yet here, the ALJ provided a rational interpretation of medical evidence showing that, in contrast to the limitations Dr. Parlatore opined, Plaintiff exhibited no deficits in her presentation or in the mental status examination. The Ninth Circuit has repeatedly affirmed an ALJ's decision to reject a medical opinion for lacking

---

[1] Plaintiff contends Dr. Parlatore's opinion was uncontradicted and thus, the ALJ was required to provide "clear and convincing" reasons to reject his opinion. *See* Dkt. 10, pp. 10-11. Even applying this heightened standard, the Court finds the ALJ properly discounted Dr. Parlatore's opinion.

objective support. *See, e.g.*, *Bayliss*, 427 F.3d at 1216 (ALJ properly rejected a medical opinion where the physician's "other record observations and opinions" contradicted the physician's opined limitations); *Batson*, 359 F.3d at 1195 (ALJ permitted to discount medical opinions from treating physicians because their opinions were unsupported by "objective evidence"); *Tonapetyan*, 242 F.3d at 1149 (ALJ appropriately discredited a physician's opinion for being unsupported by "objective medical findings").

Plaintiff also argues that, considering the ALJ's alleged errors in assessing Dr. Parlatore's opinion, the ALJ erred when he rejected Dr. Parlatore's diagnoses of depression and PTSD at Step Two of the sequential evaluation process. Dkt. 10, pp. 11-14, 17-19. As to depression, the ALJ acknowledged at Step Two that Dr. Parlatore rendered this diagnosis but noted Plaintiff "demonstrated no deficits on the mental status examination portion of this evaluation, which indicates she presented as stylishly dressed, well-groomed, and with full affect." AR 22 (citing AR 459). Similarly, regarding PTSD, the ALJ remarked that "Dr. Parlatore did not observe and [sic] significant deficits in [Plaintiff's] presentation or during her mental status examination." AR 23. The ALJ's assessments at Step Two of Dr. Parlatore's diagnoses of depression and PTSD are supported by substantial evidence considering – as discussed above – the physician's lack of abnormal objective findings. Therefore, the ALJ did not harmfully err in his assessment of Dr. Parlatore's opinion at Step Two.

In sum, considering the lack of objective findings supporting the limitations Dr. Parlatore opined, the ALJ's finding that Dr. Parlatore did not describe any deficits in Plaintiff's presentation or mental status examination is supported by substantial evidence. *See Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted) ("if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ"); *Sample v.*

*Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (citations omitted) (the ALJ "is entitled to draw inferences logically flowing from the evidence"); *see also Magallanes*, 881 F.2d at 755 (the court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion").

Moreover, though the ALJ provided other reasons to discount Dr. Parlatore's opinion, the Court need not assess whether these reasons were proper, any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion). The ALJ's decision to discount Dr. Parlatore's opinion is affirmed.

## II. Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony.

Plaintiff maintains the ALJ failed to provide clear and convincing reasons to reject Plaintiff's subjective symptom testimony. Dkt. 10, pp. 2-7.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834. The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834 (citation omitted). While the SSA's regulations have eliminated references to the term "credibility," the Ninth Circuit has held its previous rulings on

claimant's subjective complaints – which use the term "credibility" – are still applicable.[2] *See* Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016); *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth Circuit precedent). Questions of credibility are solely within the ALJ's control. *Sample*, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984).

At the hearing, Plaintiff testified that she is unable to work due to physical pain, poor memory, "mental fog," and a lack of energy. AR 54, 56-57, 67. Plaintiff stated that she is unreliable, as some days she cannot "do anything but stay in bed[.]" AR 55. She testified that her hands are weak and she has pain in her shoulders and other joints. AR 55-56. Plaintiff has "considerable abdominal pain." AR 57-58. Plaintiff also testified that every two or three months, she gets "cluster migraines" which occur three or four times in a week period. AR 58-60. In all, Plaintiff has "a series of headaches" four or five times per year, during which she testified she states she is "[a]bsolutely and completely" incapacitated. AR 59. Furthermore, Plaintiff testified that radiation treatment "destroyed [her] salivary glands," such that she "constantly" needs water when she talks. AR 60. As such, Plaintiff stated she does not think she could do any job requiring her to talk to people. AR 61. Plaintiff said she has PTSD which "contributes to [her] anxiety and [her] stress" and causes her body to "tense up" and bring pain. AR 63.

Plaintiff testified that she can sit for 30 or 45 minutes before she is in pain and needs to lay on a hard surface for up to 15 minutes to "recover." AR 63, 65-66. Plaintiff takes "several breaks" when she drives, "about every 45 minutes or hour," during which she gets out of the car and walks. AR 66. In addition, Plaintiff testified she can walk for up to 10 or 15 minutes "on a

[2] Because the applicable Ninth Circuit case law refers to the term "credibility," the Court uses the terms "credibility" and "subjective symptom testimony" interchangeably.

good day." AR 64. She stated that, because her hands are weak, she needs to use an electric can opener rather than a manual can opener, and she is unable to open mail packages or bags of food. AR 67-68.

In a functional report, Plaintiff reported that she has "an autoimmune disease that requires pain narcotics to minimize pain." AR 298. Accordingly, she "cannot function while taking narcotics." AR 298; *see also* AR 305. Plaintiff likewise reported on another occasion that because she is allergic to many medications, she is "required to take [the medication] Demerol for pain," she "cannot work any job under the influence of narcotics." AR 308. Plaintiff's daily activities include dressing herself, taking medications, reading, watching television, and completing some household chores. AR 299, 300. Plaintiff wrote that she needs to use alarm clocks to remind her to take her medications. AR 300. Her pain sometimes keeps her awake at night. AR 299. Plaintiff reported that she can lift less than ten pounds, and can only stand for approximately 15 minutes "before needing to sit." AR 303. Plaintiff maintains that her conditions affect her ability to lift, squat, bend, stand, kneel, climb stairs, concentrate, and remember. AR 303. Plaintiff reported various side effects from her medications, include mental fog, dizziness, nausea, and dry mouth. AR 305. Further, Plaintiff wrote that her conditions cause "pain with movement and increased pain with activity." AR 305.

The ALJ summarized Plaintiff's subjective symptom testimony and found Plaintiff's "medically determinable impairments could reasonably be expected to produce some of the above alleged symptoms alleged symptoms[.]" AR 26. However, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" AR 26-27. The ALJ provided several reasons to discount Plaintiff's subjective symptom testimony. *See* AR 27-

30. In part, the ALJ found Plaintiff's testimony undermined by evidence in the record indicating she left her job for reasons unrelated to her pain. AR 28. Specifically, the ALJ wrote:

> In a more recent statement, claimant suggested she stopped working in September 2014 because of her pain levels, and that she then filed for disability. This statement is inconsistent with statements she made to her treating providers contemporaneously, dated in August 2014, indicating she would be leaving on an 18 month sabbatical. . . . [T]he claimant actually said [at the time that] her conditions were stable and she was "happy" with her pain management. At the hearing, the claimant admitted she went on a length boat trip around the eastern seaboard, north to Canada, and then through the Great Lakes lasting for seven months, ending sometime in 2015. This activity is consistent with a "sabbatical" and is inconsistent with the allegations she stopped working due to pain.

AR 28 (citing AR 351, 366).

In determining how much weight to give to a claimant's testimony, an ALJ may consider evidence in the record showing the claimant left her job for reasons unrelated to her disability. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Here, the ALJ found the record reflected Plaintiff did not, as she alleges, leave her job due to pain, but rather to take a sabbatical. *See* AR 28. The record reflects Plaintiff alleges she stopped working in September 2014 due to her pain levels. *See, e.g.*, AR 54, 55-56, 351. Yet the record also shows, as the ALJ found, Plaintiff reported to a provider in August 2014 that she would be "leaving for 18 months on a sabbatical" and was "[h]appy with current pain management." AR 366. Plaintiff confirmed at the hearing that she went on a 7-month boat trip with her husband from Florida to Canada and through the Great Lakes beginning in 2014, which is – as the ALJ determined – more consistent with leaving work for a sabbatical than allegations of pain. *See* AR 50-52.

As substantial evidence supports the ALJ's finding that Plaintiff left work for reasons unrelated to her pain, this was a clear and convincing reason to discount Plaintiff's subjective symptom testimony. *See Bruton*, 268 F.3d at 828 (ALJ properly rejected the claimant's testimony where the record reflected the claimant "left his job because he was laid off, rather

than because he was injured"); *Sedillo v. Colvin*, 645 Fed. Appx. 536, 538 (9th Cir. 2016) (ALJ's rejection of the claimant's testimony was supported by the fact that the claimant alleged disability beginning the same month he was terminated from his job); *see also Beistek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (citations and quotation marks omitted) ("substantial evidence" means only evidence such that "a reasonable mind might accept as adequate to support a conclusion").

Plaintiff contends her reports that she stopped working due to pain are not necessarily inconsistent with the reports about her sabbatical, as a sabbatical is a "restful" period. *See* Dkt. 10, p. 6 (citations omitted). But the ALJ provided a rational interpretation of the evidence showing that – in light of the contemporaneous records showing Plaintiff reported she was "happy" with pain management, her reports about sabbatical, and the lengthy boat trip – Plaintiff stopped working for reasons other than her pain. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record"); *see also Allen*, 749 F.2d at 579 (citation omitted) ("If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld). Hence, Plaintiff's argument is unpersuasive.

Although the ALJ provided other reasons to discount Plaintiff's testimony, the Court need not consider whether these remaining reasons contained error, as the ALJ gave a proper reason to discount Plaintiff's testimony and the "*ultimate credibility determination* [is] adequately supported by substantial evidence[.]" *See Carmickle*, 533 F.3d at 1162 (emphasis in original) (citation omitted) (concluding "the ALJ's decision finding [the claimant] less than fully credible is valid" despite some errors because the ALJ gave legally sufficient reasons to reject

Plaintiff's testimony). As such, the ALJ decision to discount Plaintiff's subjective symptom testimony is affirmed.

**III. Whether the ALJ's RFC is supported by substantial evidence.**

Lastly, Plaintiff asserts the ALJ erred when he omitted limitations related to Plaintiff's migraine headaches from the RFC. Dkt. 10, pp. 7-10.

An RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-9p, 1996 WL 374184, at *1 (1996). An RFC must include an individual's functional limitations or restrictions and assess his "work-related abilities on a function-by-function basis." *Id.* Furthermore, an RFC must take into account all of an individual's limitations. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Thus, an ALJ errs when he provides an incomplete RFC ignoring "significant and probative evidence." *Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (citing *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)).

Notably, however, "harmless error principles apply in the Social Security context." *Molina*, 674 F.3d at 1115 (citation omitted). An ALJ's error is harmless if it is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

In this case, at Step Two, the ALJ found Plaintiff's migraine headaches were a severe impairment. AR 21. Plaintiff argues the ALJ erred because the "RFC assessment did not consider any of the functional limitations imposed upon Plaintiff by her migraine headaches." Dkt. 10, p. 7. The only limitations Plaintiff argues the ALJ failed to include in the RFC, however, come from her subjective symptom testimony. *See id.* at pp. 8-9 (citing AR 59-60). But the Court has determined the ALJ provided a clear and convincing reason, supported by substantial evidence,

to discount Plaintiff's subjective symptom. *See* Section II., *supra*. As the Court has affirmed the ALJ's treatment of Plaintiff's testimony, and Plaintiff cited no additional evidence showing limitations caused by her migraine headaches, the Court finds Plaintiff failed to show the ALJ harmfully erred in assessing the RFC. *See Molina*, 674 F.3d at 1115 (an error is harmless if it "did not alter the ALJ's decision").

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 14th day of June, 2019.

David W. Christel
United States Magistrate Judge